**Exhibit B**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SARAH KATHERINE NAUMES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-1670 (JEB) |
| | ) | |
| DEPARTMENT OF THE ARMY, | ) | |
| Defendant. | ) | |

## DECLARATION OF C. PETER SORENSON

1. I, C. Peter Sorenson, do declare, subject to the penalties of perjury, that the following statements are true and correct to the best of my knowledge and belief:

2. I am a practicing attorney and I represent the Plaintiff in this case. My law firm, Sorenson Law Office, currently consists of me and paralegals although I have had associate attorneys work in our law firm. Since 2016 our practice has been entirely devoted to the Freedom of Information Act (FOIA). I have represented hundreds of individuals, journalists, professors, and not for profit organizations. I file and litigate cases primarily in the United States District Court for the District of Columbia. On behalf of our firm, I undertook this case on a contingent basis and we have not been paid for any work on this case.

3. I graduated from the University of Oregon School of Law on May 15, 1982, and was admitted to the bar by the Oregon Supreme Court on September 24, 1982. I have been an active member of the Oregon State Bar for over 40 years. Since 1994 I have been a member of the bar of the District of Columbia. I am a member of other bars, including the United States District

Court for the District of Columbia, the United States Court of Appeals for the District of Columbia Circuit and the Supreme Court of the United States of America.

4.      Prior to my law school graduation, I earned my B.A. and M.A. degrees from the University of Oregon. I was legislative assistant to the Honorable James H. Weaver in the United States House of Representatives for over two years and I was special assistant to the Secretary of Agriculture for two years. Both of these positions were in Washington, DC.

5.      Although I have been a licensed lawyer since 1982, I have practiced law in two periods of my life. My early years as a lawyer, 1982 - 1994, were primarily dominated, at the Federal Court level, by my work in enforcing the Safe Drinking Water Act, the Clean Water Act, the Clean Air Act and the Endangered Species Act.

6.      During the 1982 - 1994 period, I lectured throughout the United States at law schools on the importance of citizen enforcement of Federal environmental laws. I lectured at over 20 law schools, including Tulane, Columbia, George Washington, New York University, Stanford and others.

7.      For a number of years, 1995 - 2015, I practiced law only sporadically but had a number of significant law-related activities. I served as an Oregon State Senator for four years, serving on the Oregon Senate Judiciary Committee, I chaired the Lane Community College Board of Education and I chaired the Lane County Board of Commissioners. I also taught legal ethics at the University of Oregon School of Law. Although I did practice law during this period I am not using any of this 21-year period to compute my time as my years of experience practicing law. I consider this deletion of years on the Fitzpatrick Matrix to be a part of the billing judgment in this case.

8.      Since 2016 I have devoted significant time to working on all aspects of FOIA in the United States District Court for the District of Columbia. I have about 30 FOIA cases currently pending in this court, including this one. I have handled hundreds of FOIA matters, including requests and administrative appeals. Because of my work, I presented lectures on FOIA at the University of Georgia School of Law and the University of Tennessee College of Law, both in 2019 and the University of Oregon School of Law in 2022. I have also presented Continuing Legal Education (CLE) lectures on FOIA at Esquire CLE, based in Ohio, and twice for the Center for Continuing Education based in California. I presented on FOIA in 2022 at two CLE programs for Destination CLEs in Hawaii and Puerto Rico.

9.      Our law firm searched Westlaw recently and identified the following 15 FOIA published opinions in which I appeared on behalf of the plaintiff. Those cases are: *Trotter v. Ctr. for Medicare & Medicaid Servs.*, 517 F. Supp. 3d 1 (D.D.C. 2021), *Cornucopia Inst. v. Agric. Mktg. Serv.*, 285 F. Supp. 3d 217 (D.D.C. 2018), aff'd, No. 18-5071, 2018 WL 5115535 (D.C. Cir. Oct. 11, 2018), *Coffey v. Bureau of Land Mgmt.*, 249 F. Supp. 3d 488 (D.D.C. 2017), *Coffey v. Bureau of Land Mgmt.*, 316 F. Supp. 3d 168 (D.D.C. 2018), *Wild Horse Freedom Fed'n v. U.S. Dep't of the Interior, Bureau of Land Mgmt.*, 316 F. Supp. 3d 315 (D.D.C. 2018), *Albaladejo v. Immigr. & Customs Enf't*, 518 F. Supp. 3d 496 (D.D.C. 2021), *Coffey v. Bureau of Land Mgmt.*, 277 F. Supp. 3d 1 (D.D.C. 2017), *Pulliam v. United States Env't Prot. Agency*, 292 F. Supp. 3d 255 (D.D.C. 2018), *Cornucopia Inst. v. Agric. Mktg. Serv.*, 312 F. Supp. 3d 85 (D.D.C. 2018), *Albaladejo v. Immigr. & Customs Enf't*, 518 F. Supp. 3d 496 (D.D.C. 2021), *Cornucopia Inst. v. Agric. Mktg. Serv.*, 261 F. Supp. 3d 35 (D.D.C. 2017), *Wallick v. Agric. Mktg. Serv.*, 281 F. Supp. 3d 56 (D.D.C. 2017), *Naumes v. Dep't of the Army*, 588 F. Supp. 3d 23 (D.D.C. 2022), *Cornucopia Inst. v. United States Dep't of Agric.*, 282 F. Supp. 3d 150

(D.D.C. 2017), *Pulliam v. United States Env't Prot. Agency*, 235 F. Supp. 3d 179 (D.D.C. 2017), *DeFraia v. Cent. Intel. Agency*, 311 F. Supp. 3d 42 (D.D.C. 2018), *Lindsey v. Fed. Bureau of Investigation*, 271 F. Supp. 3d 1 (D.D.C. 2017).

10. Concerning the litigation at hand, my paralegals and I maintained contemporaneous records of time devoted to each discrete task performed during the course of this litigation. Here, I more fully detail the process I used for this case, and have used throughout my years as a lawyer since 1982: I keep an 8 1/2 X 12 inch timesheet with me at all times when I am likely to be working on a case. The sheet is broken into six-minute increments. I keep my time on that sheet, one or two sheets per day. I record my time and activities for each case as I perform the work. Since 2016, my time sheets have been entered by a paralegal into a computer system. In this case, our firm used the MyCase system. MyCase is a proprietary computer database, for which our law firm pays an annual fee. Although I did not enter any data myself into the MyCase program, I take full responsibility for any scrivener-type errors that may have occurred in the process of my paralegals converting my daily time sheets or entering their records into the MyCase system. After the MyCase entries are completed, a paralegal makes a printout. I then review the printout, which I did two times for this case. This process is part of my billing judgment.

11. I worked with a number of paralegals on this case. Their time is recorded using names and, in many cases, initials. Two persons billed as paralegals in particular should be mentioned separately, Marc Kardell and Alexander David Sanchez.

12. Mr. Kardell, a retired attorney, became a lawyer in the State of Oregon in 1982 and he is currently retired and on inactive status with the Oregon State Bar, although he could become reactivated easily. Mr. Kardell worked as a lawyer in Oregon for over 35 years, both

in advising clients and in civil litigation. Mr. Kardell could be billed as an attorney but in the interest of billing judgment, his time is being billed only as a paralegal even though he could be billed as an attorney.

13. Mr. Kardell worked under my supervision, and his time has been reported at Exhibit E. He was billed as a paralegal under The Fitzpatrick Matrix at 2021 and 2022 rates, which are $200 per hour and $207 per hour, respectively. He has worked a total of 39 billable hours during 2021 and 26.3 hours during 2022, for a total of 65.3 hours. The time billing value of this time is $13,244.10. I reviewed his time and it is both reasonable and necessary. See Exhibit E [filed herein].

14. Mr. Sanchez is a graduate of Hofstra Law School. He primarily worked as a criminal defense attorney in New York City and on Long Island. Because of his relatively new status as a civil lawyer, and out of an interest in billing judgment, his time will be billed as a paralegal. Mr. Sanchez worked in our law firm for several months in 2022. Mr. Sanchez is an attorney licensed in the State of New York and took his oath of office in 2018. Mr. Sanchez worked under my supervision, and his time has been reported at Exhibit D, along with all of the time worked in the case, except for the time worked by Mr. Kardell. Mr. Sanchez was billed as a paralegal under The Fitzpatrick Matrix at 2022 rates, which are $207 per hour.

15. As shown in the attached Exhibit D, several initials are used to describe the specific timekeeper and then there is a description of what the timekeeper did. The following are the initials of the attorney and paralegals for which timebilling is sought and a brief description of the paralegal:

"CPS" refers to me, C. Peter Sorenson.

"ADS" or "AD" refers to Alexander D. Sanchez. His background is discussed in this declaration.

"BAJ" refers to Brian Josephson. Mr. Josephson is a 2021 graduate of the University of Oregon and a first-year law student at the University of Oregon School of Law. Mr. Josephson's time was billed as a paralegal.

"CF" refers to Colin M. Farnsworth. Mr. Farnsworth is a 2021 law graduate and attorney, licensed by this Court in 2021. Mr. Farnsworth's time is charged solely as a paralegal, whether it occurred before or after he became a licensed lawyer.

"HM" refers to Ms. Haley Mendez. Ms. Mendez is a legal assistant and has worked for another law firm and joined our firm in July 2021. She earned her B.A. from the University of Oregon in 2018.

"KL" refers to Ms. Kim Leval, senior legal assistant. Ms. Leval has been with our firm since 2016 and has worked on hundreds of FOIA matters. She is a 1991 graduate of the University of Oregon and earned a M.S. degree from Cornell University in 1997.

"TA" or "TJA" refers to Thomas Albertson. Mr. Albertson is a 2006 graduate of the California State University, Long Beach and is a third-year law student at the University of Oregon School of Law. Mr. Albertson's time was billed as a paralegal.

16.     As a further example of billing judgment, all of my time as the only practicing attorney billing on the case and all time for paralegals is billed at the 2021 and 2022 Fitzpatrick rates. At this time, Plaintiff is not billing time for 2023 at 2023 Fitzpatrick rates because those rates have not yet been released by the United States Attorney for the District of Columbia. The 2023 rates are expected to be released soon but are not available as of February 7, 2023. All billed time is reasonable and necessary to the Plaintiff's overall success.

17.     The individual entries (including those reported by Mr. Kardell on Exhibit E) have all been reviewed by me, at least two times, for necessity and billing judgment and are all compensable. Additional billing judgment requires the deletion of time entries. Exhibit J depicts these reductions. Chart 14 on Exhibit J shows the reductions by phase. Specific reductions are made on all Phases except for Phase 6. Phase 6 was reduced by an across the board 75 percent. Together these reductions total $43,711.35 and total fees and costs at $119,689.70 through February 7, 2023.

18.     Exhibit D shows the MyCase printout for all Sorenson Law Office time on the case from the beginning of the case on April 28, 2021, through Tuesday, February 7, 2023. For reference, there are, as of February 7, 2023, approximately 700 individual time entries on Exhibit D.

19.     After making her FOIA request, Plaintiff received no documents from Defendant. She filed this action and received a small number of documents. Eventually, the Court issued two Court orders, resulting in the Army releasing additional important records. The order by Judge Boasberg on February 28, 2022, ordered that the "Defendant shall search for and release the pages offering Spiritual, Family Fitness, Social Fitness, and Physical Fitness Dimension Recommendations by March 14, 2022; 3. Defendant shall release the GAT survey questions that derive from sources available to the general public by March 14, 2022; 4. Defendant shall

contact the copyright holders for the survey questions in the remaining non-public sources and inform the Court as to their position on release by March 14, 2022; and 5. Defendant shall provide supplemental briefing as to how the GAT survey questions are assembled from the underlying sources by March 14, 2022." [Document 15]. Also successful for Plaintiff, was a Minute Order saying, ". . .the Court Orders that Defendant shall submit a further status report regarding its ongoing contact with the copyright holders by May 11, 2022. In the interim, Defendant shall provide to Plaintiff any questions derived from sources where the copyright holder has already consented to release . . ." Minute Order, April 11, 2022. Thus, Plaintiff was mostly successful due to our efforts, as Ms. Naumes said in her Third Declaration filed October 11, 2022, "I now have access to most of the questions in the GAT, including most of Dr. Park's questions." ¶ 10, Third Declaration of Sarah Naumes [Document 28-6].

20.     Exhibit C depicts the phases of this judicial review. The phases are:

   1. Complaint & Initiating Documents (2021). See Chart 1.

   2. Negotiation & JSR (2021). See Chart 2.

   3. MSJ & CMSJ Briefing Schedule (2021). See Chart 3.

   4. Reply & Opposition to Second MSJ (2022). See Chart 4.

   5. Court Order & Implementation (2022). See Chart 5.

   6. Objection & JSR (2022). See Chart 6.

   7. Attorney Fee Settlement & Motion (2022 & 2023). See Chart 7.


Although the phases are selected by date, the phases are "phased in" from one to another, but the phases give the Court information necessary to make a judicial determination.

21. Plaintiff's Complaint was filed on June 22, 2021. Plaintiff's Cross-Motion was filed on November 23, 2021. Plaintiff's Reply was filed on January 14, 2022. The first order was released on February 28, 2022. Plaintiff's Response was filed April 4, 2022. The Minute Order was released on April 11, 2022. A Motion for Extension was filed August 23, 2022, and the Plaintiff's Opposition was filed on October 11, 2022.

22. Plaintiff and Defendant made efforts to settle the attorney fees and costs components of the case. Plaintiff extended a written settlement offer on January 6, 2023. Defendant made no counter-offer. Counsel for the parties subsequently discussed settlement. No settlement was reached.

23. In addition to settlement efforts, Plaintiff made two efforts to narrow this attorney fee litigation. One is attached as Exhibit I. Plaintiff's counsel sent an email on January 10, 2023 to the Special United States Attorney (SUSA) assigned to represent Defendant. Exhibit I. Plaintiff's counsel also called the SUSA to discuss narrowing. Defendant has not agreed to any narrowing of the litigation cost and attorney fee issues.

24. Attached to this Declaration is a series of charts to assist the Court in its responsibility to determine the reasonable hours. These charts show the rates described and show the costs and the application of billing judgment. The summary is attached Exhibit C.

25. I have been awarded attorney's fees in other FOIA cases in this District. The fees were determined based upon the USAO 2015 - 2020 Matrix at https://www.justice.gov/file/1189841/download.

26. The USAO 2015 - 2020 Matrix was instrumental in several settlements where my rates (per hour) were $568 in 2015 - 2016, $581 in 2016-2017, and $602 in 2017 - 2018. *Coffey v Bureau of Land Management*, 316 F. Supp. 3d 168 (D.C.D. 2018) is a published

case where USAO rates were used to determine the reasonable rates for my time and for paralegal time.

27.     In the present case, Plaintiff is seeking fees based upon The Fitzpatrick Matrix, found at Exhibit F. This matrix is relatively new and was released by the United States Attorney's Office for the District of Columbia in November 2021, and it replaces the USAO Matrix. I have received fees in other FOIA cases based upon this new matrix. Because The Fitzpatrick Matrix is based upon "an attorney's years of experience practicing law," I believe my proper position on the matrix is, conservatively, at year 18 for calendar year 2021 and at year 19 for calendar year 2022. I arrive at those numbers by totaling the years between 1983 and 1994 inclusive, which is 12 years and adding that to the time between 2016 and 2021 inclusive, which is another six years and adding the two (12 + 6 = 18) for a total of 18 years. For the billing year 2022, I add the original 12 years and add 7 years for a total of 19 years on the Fitzpatrick Matrix. The rates for me are $ 653 for 2021, and $ 684 for 2022.

28.     For the paralegal rates, they are $200 and $207 per hour in 2021 and 2022, according to the Fitzpatrick Matrix. These are the rates we have used to compute both the one attorney rate and the paralegal rates.

29.     Concerning the reasonableness of our time, we have, as noted above, presented the full MyCase records, we have presented all of our time in Exhibit D (for Sorenson Law Office) and Exhibit E (for Marc Kardell), and summarized on Exhibit C. In submitting our Motion, we have the following to show for application of billing judgment:

      a) Although three attorneys worked on the judicial review for the Plaintiff, only one attorney was billed as an attorney in keeping with the standards on reasonable attorney fees;

      b) There were specific reductions to time for Phases 1-5 and Phase 7 and those reductions are shown on Exhibit J;

      c) There was a significant reduction of 75 percent made in Phase 6 with the reasoning that Plaintiff did not prevail and Defendant did prevail on Phase 6—the Plaintiff's effort to defeat Defendant's Second Motion for Summary Judgment [Document 25]. Some of the work in Phase 6 is now helpful to the Court and reduces the time spent on the Motion for Attorney Fees and Costs because of the information Plaintiff provided to the Court, much of it helpful to show the extent of the public and scientific interest in the GAT and records at issue in this case.

30. Plaintiff incurred "other costs of litigation" as follows: $402 for the filing fee and $26.15 for the postage to serve the Defendant. The receipts for these are attached as Exhibit G for the filing fee and Exhibit H for the postage. The reasonable and necessary amount of the total costs is $428.15. Exhibit C depicts the costs.

31. Time spent on settlement of attorney fees has been included in the Attorney Fee phase.

32. To assist the Court, we have prepared a series of charts all shown on Exhibit C. These charts summarize the time billing during the following major phases of the case which I have described above. Exhibit C also shows all time worked by attorneys and paralegals, time worked by phases, the rates per year during those phases, costs and fees, totals, and billing judgment discount. The stages of the case are: Phase 1 - Complaint & Initiating Documents (2021), Phase 2 - Negotiation & JSR (2021), Phase 3 - MSJ & CMSJ Briefing Schedule (2021), Phase 4 - Reply & Opposition to Second MSJ (2022), Phase 5 - Court Order & Implementation

(2022), Phase 6 - Objection & JSR (2022), and Phase 7 - Attorney Fee Settlement & Motion (2022 & 2023).

33. The Complaint & Initiating Documents Phase involves the work between April 28, 2021, through June 24, 2021; The Negotiation & JSR Phase involves the work between July 3, 2021, through September 3, 2021; The MSJ & CMSJ Briefing Schedule Phase involves the work from September 9, 2021, to December 28, 2021; The Reply & Opposition to Second MSJ Phase involves the work from January 1, 2022, through January 31, 2022; The Court Order & Implementation Phase involves the work from February 28, 2022, through March 21, 2022; The Objection & JSR Phase involves the work from March 25, 2022, through December 15, 2022; The Attorney Fee Settlement & Motion Phase involves the work from December 19, 2022, and for purposes of today's Motion, time was cut off on February 8, 2023. Time spent on settlement has been included in the Attorney Fee phase.

34. All fees and costs are reasonable and necessary, particularly after billing judgment was applied and a significant 75 percent reduction was made in the work opposing Defendant's Second Motion for Summary Judgement.

35. The Army was recalcitrant in not providing records and would not have changed its position if it were not for the court order to release records [Document 15]. Plaintiff did not receive all the relief requested, but most of the records requested were ultimately released as a result of our efforts. Reasonable fees were calculated using the Fitzpatrick Matrix, Exhibit F, and entered using the Mycase software, Exhibit D. There was a public benefit, rather than a commercial, incentive in favor of extending Plaintiff's work of academic research. Plaintiff did not have her own financial resources or economic incentives to pursue her requests through expensive litigation. We found declarants, we organized their material, and we helped testimony prove the

element of public importance through these declarations. Defendant is making us prove these facts as part of this Motion. We had only one claim and we won on that claim, namely that they violated FOIA.

36. With the reductions of time and reductions of rates shown, the total reasonable and necessary attorney fees are fees on the merits in the amount of $94,337.45, for fees to prepare this Motion and its attachments in the amount of $24,924.10, and for other litigation costs reasonably incurred in the amount of $428.15, for a total award of $119,689.70.

37. To assist the Court, the following are the documents being filed today that are helpful to the Court:

Exhibit A: Fourth Declaration of Sarah Katherine Naumes

Exhibit B: Declaration of C. Peter Sorenson

Exhibit C: Summary of Work By Major Phase and Litigation Costs

Exhibit D: MyCase Time Records for Sorenson Law Office

Exhibit E: Kardell Time Records

Exhibit F: Fitzpatrick Matrix

Exhibit G: Filing Fee Receipt

Exhibit H: Postal Receipt to Serve Defendant

Exhibit I: January 10, 2023, Email Showing Attempt to Narrow

Exhibit J: Deletions of Time Billing and Summaries

38. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

DATED this 10th day of February, 2023 at Eugene, Oregon.

/s/ C. Peter Sorenson

C. Peter Sorenson, DC Bar #438089

Sorenson Law Office

PO Box 10836

Eugene, OR 97440

(541) 606-9173

peter@sorensonfoialaw.com

*Lead Counsel for Plaintiff*